1  **SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
   Christopher M. Burke (214799)
2  Hal D. Cunningham (243048)
   707 Broadway, Suite 1000
3  San Diego, CA 92101
   Telephone: 619-233-4565
4  Facsimile: 619-233-0508
   cburke@scott-scott.com
5  hcunningham@scott-scott.com

6  **MARLIN & SALTZMAN, LLP**
   Stanley D. Saltzman, Esq. (SBN 90058)
7  Marcus J. Bradley, Esq. (SBN 174156)
   William A. Baird, Esq. (SBN 192675)
8  Kiley L. Grombacher, Esq. (SBN 245960)
   29229 Canwood Street, Suite 208
9  Agoura Hills, California 91301
   Telephone:    (818) 991-8080
10 Facsimile:    (818) 991-8081
   ssaltzman@marlinsaltzman.com
11 mbradley@marlinsaltzman.com
   tbaird@marlinsaltzman.com
12 kgrombacher@marlinsaltzman.com

13 *Counsel for Plaintiffs*
   *Stacy Sciortino and Arielle Weinstock*
14 [Additional Counsel on Signature Page]

15                 UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17 STACY SCIORTINO and ARIELLE          No.
   WEINSTOCK, Individually and on Behalf of All
18 Others Similarly Situated,            CLASS ACTION COMPLAINT

19                          Plaintiffs,  DEMAND FOR JURY TRIAL

20           vs.

21 PEPSICO, INC.,

22                          Defendant.

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1   Plaintiffs Stacy Sciortino and Arielle Weinstock ("Plaintiffs") allege the following based

2   upon personal knowledge as to themselves and their own acts, and upon information and belief

3   and the investigation by Plaintiffs' counsel, which included, among other things, a review of

4   public documents, regulations and reports, and announcements made by PepsiCo, Inc. ("Pepsi"

5   or "Defendant") as to all other matters.  Plaintiffs believe that substantial additional evidentiary

6   support exists for the allegations set forth herein and will be available after a reasonable

7   opportunity for discovery.

8   **NATURE OF THE ACTION**

9   1.   This action seeks to recover damages and remedy Pepsi's continuing failure to

10   warn individuals in California of their exposure to the dangerous chemical 4-Methylimidazole

11   ("4-MEI") when consuming Pepsi's products: Pepsi, Diet Pepsi, and Pepsi One (the "Products").

12   2.   Indeed, 4-MEI is a chemical known to the State of California to cause cancer and

13   is contained in the Products in an amount sufficient to expose California consumers to substantial

14   health risks.  Despite this fact, Pepsi provides no warnings whatsoever about the presence of 4-

15   MEI in the Products or the carcinogenic attributes of it.

16   3.   As described more fully below, Plaintiffs are purchasers of the Products and have

17   been injured by Defendant's acts and omissions concerning the use of 4-MEI.  As such, Plaintiffs

18   seek relief in this action individually and as a class action on behalf of all purchasers in

19   California of Defendant's Products that contained 4-MEI (the "Class").

20   **JURISDICTION AND VENUE**

21   4.   This Court has original jurisdiction over the claims asserted herein individually

22   and on behalf of the Class pursuant to 28 U.S.C. §1332, as amended in February 2005 by the

23   Class Action Fairness Act.  Subject matter jurisdiction is proper because:  (1) the amount in

24   controversy in this class action exceeds five million dollars, exclusive of interest and costs; and

25   (2) a substantial number of the members of the proposed class are citizens of a state different

26   from that of Defendant.  Personal jurisdiction is proper as Defendant has sold the Products to

27   Plaintiffs and other consumers in this District and has purposefully availed itself of the privilege

28

1  of conducting business activities within this District.

2      5.      **Intradistrict Assignment (L.R. 3-2(b)):**   This action arises in San Francisco

3  County, in that a substantial part of the events which gives rise to the claims asserted herein

4  occurred in San Francisco County.

5      6.      Defendant Pepsi has distributed, marketed, advertised, labeled, and sold the

6  Products containing 4-MEI, which are the subject of the present complaint, in this District.

7  Thus, under 28 U.S.C. §§1391(c)(2) and (d), Defendant  is deemed to reside in this District.  As

8  such, venue is proper in this judicial district under 28 U.S.C. §1391(b)(1) because Defendant is

9  deemed to reside in this District and under 28 U.S.C. §1391(b)(2) because Defendant conducts

10  business in this District and a substantial part of the acts or omissions giving rise to the claims set

11  forth herein occurred in this District.

12                                    **PARTIES**

13      7.      Plaintiff Stacy Sciortino is a citizen of California and an individual consumer.

14  During the Class Period, Plaintiff purchased the Products containing 4-MEI.  Specifically,

15  Plaintiff purchased diet Pepsi on several occasions, including over the past four years and most

16  recently in January 2014 at the Safeway in San Francisco, California, where she made several of

17  the aforementioned purchases.  Plaintiff would not have purchased the Products if she had

18  known they contained heightened levels of 4-MEI.

19      8.      Plaintiff Arielle Weinstock is a citizen of California and an individual consumer.

20  During the Class Period, Plaintiff purchased the Products containing 4-MEI.  Specifically,

21  Plaintiff purchased Pepsi and Pepsi One on several occasions, including her last purchase in

22  January 2014 at the Vons in Thousand Oaks, California, where she made several of the

23  aforementioned purchases.  Plaintiff would not have purchased the Products if she had known

24  they contained heightened levels of 4-MEI.

25      9.      Defendant PepsiCo, Inc. is a North Carolina corporation, headquartered at 700

26  Anderson Hill Road, Purchase, New York, 10577.  Defendant manufacturers, distributes,

27  markets, advertises, and sells the Products in this District and throughout California and the rest

28

1    of the United States.

2    **ALLEGATIONS OF FACT**

3        10.    4-methylimidazole (4-MEI) is a chemical compound that forms during the

4    manufacturing of certain types of caramel coloring (known as Class III and Class IV caramel

5    coloring) that are used to color cola-type beverages and other foods.  On United States product

6    labels it appears simply as "caramel coloring."

7        11.    A two year study conducted on mice showed an increased incidence of lung

8    tumors when exposed to 4-MEI.  As such, many organizations, including the World Health

9    Organization's International Agency for Research on Cancer, say that 4-MEI may possibly cause

10   cancer.

11       12.    According to Urvashi Rangan, toxicologist and executive director of Consumer

12   Reports' Food Safety & Sustainability Center on ConsumerReports.org, "There's no reason why

13   consumers should be exposed to an avoidable and unnecessary risk that can stem from coloring

14   food brown . . . Manufacturers have lower 4-MeI alternatives available to them.  ***Ideally, there***

15   ***would be no 4-MeI in food.***"

16   [Emphasis added.]

17       13.    On January 7, 2011, the State of California officially listed 4-MEI as a chemical

18   known to cause cancer.  27 Cal. Code Regs. Section 27001(b).  The State of California set a limit

19   at 29 micrograms of 4-MEI.  Effective January 7, 2012, any products containing more than the

20   29 micrograms of 4-MEI became subject to the clear and reasonable warning requirements of the

21   California Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65"),  which

22   prohibits exposing people to chemicals listed by the State of California as known to cause

23   cancer, birth defects, or other reproductive harm without a "clear and reasonable warning."

24       14.    The Pepsi Products at issue here do not, and have never, contained such a

25   warning, despite the fact that they contain extremely high levels of 4-MEI.

26       15.    A recent study conducted by Consumer Reports, in fact, found that Pepsi One

27   contains as much as ***43.5 micrograms*** **of 4-MEI.**  As reference, competing products contained

28

fewer than 5 micrograms of 4-MEI.

16.    No reasonable consumer would know, or have reason to know, that the Products contain heightened levels of 4-MEI, in violation of Proposition 65.  This information is within the exclusive knowledge of Defendant and is not known to ordinary consumers, including Plaintiffs and members of the Class.  Defendant actively concealed this material fact from consumers, including Plaintiffs and members of the Class.

<u>**DAMAGES TO PLAINTIFFS AND THE CLASS**</u>

17.    Plaintiffs purchased the Products based on Defendant's labeling, advertising, and marketing of the Products.

18.    Defendant created, manufactured, distributed, and sold products that contain 4-MEI without any warning label and are, thus, misbranded.  Misbranded products cannot be legally manufactured, distributed, sold, or held, and have no economic value and are legally worthless as a matter of law.

19.    Moreover, Plaintiffs and the members of the Class would not have purchased the Products over comparable products that do not contain 4-MEI at such high levels.

**TOLLING OF THE STATUTE OF LIMITATIONS, FRAUDULENT CONCEALMENT, EQUITABLE TOLLING, AND CONTINUING VIOLATIONS**

20.    Plaintiffs did not discover, and could not have discovered, through the exercise of reasonable diligence, the existence of the claims sued upon herein until immediately prior to commencing this civil action.

21.    Any applicable statutes of limitation have been tolled by Defendant's affirmative acts of fraudulent concealment and continuing misrepresentations, as the facts alleged above reveal.

22.    Because of the self-concealing nature of Defendant's actions and affirmative acts of concealment, Plaintiffs and the Class assert the tolling of any applicable statutes of limitations affecting the claims raised herein.

23.     Defendant continues to engage in the deceptive practice, and, consequently, unwary consumers are injured on a daily basis by Defendant's unlawful conduct.  Therefore, Plaintiffs and the Class submit that each instance that Defendant engaged in the conduct complained of herein and each instance that a member of the Class purchased the Products constitutes part of a continuing violation and operates to toll the statutes of limitation in this action.

24.     Defendant is estopped from relying on any statute of limitations defense because of its unfair or deceptive conduct.

25.     Defendant's conduct was and is, by its nature, self-concealing.  Still, Defendant, through a series of affirmative acts or omissions, suppressed the dissemination of truthful information regarding its illegal conduct, and actively has foreclosed Plaintiff and the Class from learning of its illegal, unfair, and/or deceptive acts.  These affirmative acts included concealing the amount of 4-MEI in the Products and the known carcinogenic effects of 4-MEI.

26.     By reason of the foregoing, the claims of Plaintiffs and the Class are timely under any applicable statute of limitations, pursuant to the discovery rule, the equitable tolling doctrine, and fraudulent concealment.

## CLASS ACTION ALLEGATIONS

27.     Plaintiffs bring this action individually and as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and the Class defined as follows:

> All persons in the State of California who purchased the Products from February 1, 2010 until the date notice is disseminated for personal or household use, and not for resale or distribution purposes.  Specifically excluded from this Class are Defendant; the officers, directors, or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of  Defendant.  Also excluded are those who assert claims for personal injury as well as any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

28.     The Class is sufficiently numerous, as it includes thousands of persons who have purchased the Products.  Thus, joinder of such persons in a single action or bringing all members of the Class before the Court is impracticable for purposes of Rule 23(a)(1).  The question is one

1    of a general or common interest of many persons and it is impractical to bring them all before the

2    Court.   The disposition of the claims of the members of the Class in this class action will

3    substantially benefit both the parties and the Court.

4         29.     There are questions of law and fact common to the Class for purposes of Rule

5    23(a)(2), including whether Defendant's labels and packaging include uniform omissions and/or

6    misrepresentations that misled Plaintiffs and the other members of the Class as to the amount of

7    4-MEI in the Products and the known carcinogenic effects of 4-MIE.   The members of the Class

8    were and are similarly affected by having purchased the Products for their intended and

9    foreseeable purpose as promoted, marketed, advertised, packaged, and labeled by Defendant as

10   set forth in detail herein, and the relief sought herein is for the benefit of Plaintiffs and other

11   members of the Class.   Thus, there is a well-defined community of interest in the questions of

12   law and fact involved in this action and affecting the parties.

13        30.     Plaintiffs assert claims that are typical of the claims of the Class for purposes of

14   Rule 23(a)(3).  Plaintiffs and all members of the Class have been subjected to the same wrongful

15   conduct because they have purchased the Products, which contain high amounts of 4-MEI.

16        31.     Plaintiffs will fairly and adequately represent and protect the interests of the other

17   members of the Class for purposes of Rule 23(a)(4).  Plaintiffs have no interests antagonistic to

18   those of other members of the Class.  Plaintiffs are committed to the vigorous prosecution of this

19   action and have retained counsel experienced in litigation of this nature to represent them.

20   Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

21        32.     Class certification is appropriate under Rule 23(b)(2) because Defendant has acted

22   on grounds that apply generally to the Class, so that final injunctive relief or corresponding

23   declaratory relief is appropriate respecting the Class as a whole.

24        33.     Class certification is appropriate under Rule 23(b)(3) because common questions

25   of law and fact substantially predominate over any questions that may affect only individual

26   members of the Class.  Among these common questions of law and fact are:

27              a.      whether the Products contain 4-MEI and in what amount;

28

b.   whether 4-MEI is potentially dangerous in those amounts;

c.   whether Defendant's conduct is unethical, oppressive, unscrupulous, and/or substantially injurious to consumers;

d.   whether information concerning the amount of 4-MEI in the Products is material to a reasonable consumer;

e.   whether a duty arose in Pepsi to disclose the facts concerning the 4-MEI in the Products;

f.   whether Plaintiffs and members of the Classes are entitled to injunctive and other equitable relief; and

g.   the amount of restitution to be paid by Defendant.

34.   Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by the members of the Class.  Similar or identical statutory and common law violations and deceptive business practices are involved.  Individual questions, if any, pale by comparison to the numerous common questions that predominate.

35.   The injuries sustained by Plaintiffs and the members of the Class flow, in each instance, from a common nucleus of operative facts – Defendant's misconduct.

36.   Plaintiffs and the members of the Class have been damaged by Defendant's misconduct.  The members of the Class have paid for a product that they would not have purchased in the absence of Defendant's deceptive scheme.

37.   Proceeding as a class action provides substantial benefits to both the parties and the Court because this is the most efficient method for the fair and efficient adjudication of the controversy.  Members of the Class have suffered, and will suffer, irreparable harm and damages as a result of Defendant's wrongful conduct.  Because of the nature of the individual claims of the members of the Class, few, if any, could or would otherwise afford to seek legal redress against Defendant for the wrongs complained of herein, and a representative class action is therefore the appropriate, superior method of proceeding and essential to the interests of justice insofar as the resolution of claims of the members of the Class is concerned.  Absent a

1  representative class action, members of the Class would continue to suffer losses for which they

2  would have no remedy, and Defendant would unjustly retain the proceeds of its ill-gotten gains.

3  Even if separate actions could be brought by individual members of the Class, the resulting

4  multiplicity of lawsuits would cause undue hardship, burden, and expense for the Court and the

5  litigants, as well as create a risk of inconsistent rulings, which might be dispositive of the

6  interests of the other members of the Class who are not parties to the adjudications and/or may

7  substantially impede their ability to protect their interests.

**CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF**

**(Violations of California Business & Professions Code §17200 *et seq*.
Based on Fraudulent Acts and Practices)**

12     38.     Plaintiffs reallege each and every allegation contained above as if fully set forth

13  herein and, to the extent necessary, plead this cause of action in the alternative.

14     39.     Plaintiffs bring this claim individually and on behalf of members of the Class

15  under California law.

16     40.     Under California Business & Professions Code §17200, any business act or

17  practice that is likely to deceive members of the public constitutes a fraudulent business act or

18  practice.

19     41.     Defendant has engaged, and continues to engage, in conduct that is likely to

20  deceive members of the public.  This conduct includes, but is not limited to, failing to disclose

21  that the Products contain levels of 4-MEI, a known carcinogenic, in violation of Proposition 65.

22     42.     After reviewing the packaging for the Products, Plaintiffs purchased the Products

23  in reliance on Defendant's omissions and/or representations.   Plaintiffs would not have

24  purchased the Products at all, but for Defendant's false promotion of the Products.  Plaintiffs and

25  the Class have all paid money for the Products.  However, Plaintiffs and the Class did not obtain

26  the full value or any value of the advertised products due to Defendant's misrepresentations

27  and/or omissions regarding 4-MEI.  Accordingly, Plaintiffs and the Class have suffered injury in

28

1    fact and lost money or property as a direct result of Defendant's misrepresentations and material

2    omissions.

3        43.    By committing the acts alleged above, Defendant has engaged in fraudulent

4    business acts and practices, which constitute unfair competition within the meaning of California

5    Business & Professions Code §17200.

6        44.    In accordance with California Business & Professions Code §17203, Plaintiffs

7    seek an order: (1) enjoining Defendant from continuing to conduct business through its

8    fraudulent conduct; and (2) requiring Defendant to conduct a corrective advertising campaign.

9        45.    As a result of Defendant's conduct, Plaintiffs seek injunctive and restitutionary

10    relief under California Business & Professions Code §17203.

11
12                                **SECOND CLAIM FOR RELIEF**

13            **(Violations of California Business & Professions Code §17200, *et seq.*,**
                 **Based on Commission of Unlawful Acts)**

14        46.    Plaintiffs reallege each and every allegation contained above as if fully set forth

15    herein and, to the extent necessary, plead this cause of action in the alternative.

16        47.    Plaintiffs bring this claim individually and on behalf of members of the Class

17    under California law.

18        48.    The violation of any law constitutes an unlawful business practice under

19    California Business & Professions Code §17200.

20        49.    Defendant has violated §17200's prohibition against engaging in unlawful acts

21    and practices by, *inter alia*, making the representations and omissions of material facts, as set

22    forth more fully herein, and violating California Civil Code §§1572, 1573, 1709, 1710, 1711,

23    1770, California Business & Professions Code §17200 *et seq.*, California Health & Safety Code

24    §110660, 21 U.S.C. §321, by violating Proposition 65, and by violating the common law.

25        50.    By violating these laws, Defendant has engaged in unlawful business acts and

26    practices, which constitute unfair competition within the meaning of Business & Professions

27    Code §17200.

28

51.     Plaintiffs purchased the Products in reliance on Defendant's representations that the Products were fit for consumption and based on the omissions as to the amount of 4-MEI contained therein.  Plaintiffs would not have purchased the Products at all but for Defendant's representations and omissions.  Plaintiffs and the Class have all paid money for the Products. However, Plaintiffs and the Class did not obtain the full value, or any value, of the advertised products due to Defendant's misrepresentations and omissions regarding the Products. Accordingly, Plaintiffs and the Class have suffered injury in fact and lost money or property as a direct result of Defendant's misrepresentations and material omissions.

52.     In accordance with California Business & Professions Code §17203, Plaintiffs seek an order: (1) enjoining Defendant from continuing to conduct business through its fraudulent conduct; and (2) requiring Defendant to conduct a corrective advertising campaign.

53.     As a result of Defendant's conduct, Plaintiffs seek injunctive and restitutionary relief under California Business & Professions Code §17203.

### THIRD CLAIM FOR RELIEF

**(Violations of California Business & Professions Code §17200, *et seq*., Based on Unfair Acts and Practices)**

54.     Plaintiffs reallege each and every allegation contained above as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

55.     Under Business & Professions Code §17200, any business act or practice that is unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, or that violates a legislatively declared policy, constitutes an unfair business act or practice.

56.     Defendant has engaged, and continues to engage, in conduct which is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers.  This conduct includes failing to disclose that the Products contain elevated levels of 4-MEI in violation of Proposition 65.

57.     Defendant has engaged, and continues to engage, in conduct that violates the legislatively declared policies of: (1) California Civil Code §§1572, 1573, 1709, 1710, 1711

1   against committing fraud and deceit; (2) California Civil Code §1770 against committing acts

2   and practices intended to deceive consumers regarding the representation of goods in certain

3   particulars; (3) California Health & Safety Code §110660 and 21 U.S.C. §321 against

4   misbranding food; and (4) Proposition 65.   Defendant gains an unfair advantage over its

5   competitors, whose labeling, advertising, and marketing for other similar products must comply

6   with these laws.

7        58.     Defendant's conduct is substantially injurious to consumers.  Such conduct has

8   caused, and continues to cause, substantial injury to consumers because consumers would not

9   have purchased the Products at all but for Defendant's omissions regarding the levels of 4-MEI

10  contained in the Products.   Such injury is not outweighed by any countervailing benefits to

11  consumers or competition.   Indeed, no benefit to consumers or competition results from

12  Defendant's conduct.   Since consumers reasonably rely on Defendant's representations and

13  injury results from ordinary use of the Products, consumers could not have reasonably avoided

14  such injury.  *Davis v. Ford Motor Credit Co.*, 179 Cal. App. 4th 581, 597-98 (2009); *see also*

15  *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010) (outlining the third

16  test based on the definition of "unfair" in Section 5 of the FTC Act).

17       59.     By committing the acts alleged above, Defendant has engaged in unfair business

18  acts and practices which constitute unfair competition within the meaning of Business &

19  Professions Code §17200.

20       60.     Plaintiffs purchased the Products as fit for consumption and its omissions

21  regarding the elevated levels of 4-MEI in the Products.  Plaintiffs would not have purchased the

22  Products at all but for Defendant failing to disclose that they contained 4-MEI in high quantities.

23  Plaintiffs and the Class have all paid money for the Products.  However, Plaintiffs and the Class

24  did not obtain the full value of the advertised products due to Defendant's omissions and

25  misrepresentations regarding the nature of said Products.  Accordingly, Plaintiffs and the Class

26  have suffered injury in fact and lost money or property as a direct result of Defendant's

27  misrepresentations and material omissions.

28

CLASS ACTION COMPLAINT                                                                    11

61.     In accordance with California Business & Professions Code §17203, Plaintiffs seek an order enjoining Defendant from continuing to conduct business through its fraudulent conduct and further seeks an order requiring Defendant to conduct a corrective advertising campaign.

62.     As a result of Defendant's conduct, Plaintiffs seek injunctive and restitutionary relief under California Business & Professions Code §17203.

**FOURTH CLAIM FOR RELIEF**

**(Violations of the California Consumers Legal Remedies Act – Injunctive Relief)**

63.     Plaintiffs reallege each and every allegation contained above as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

64.     Plaintiffs bring this claim individually and on behalf of members of the Class under California law.

65.     Plaintiffs purchased the Products for their own personal use.

66.     The acts and practices of Defendant as described above were intended to deceive Plaintiffs and members of the Class as described herein, and have resulted, and will result, in damages to Plaintiffs and member of the Class.  These actions violated, and continue to violate, the California Consumers Legal Remedies Act ("CLRA") in at least the following respects:

   a.     In violation of California Civil Code §1770(a)(5) of the CLRA, Defendant's acts and practices constitute representations that the Products have characteristics, uses, and/or benefits, which they do not;

   b.     in violation of California Civil Code §1770(a)(7) of the CLRA, Defendant's acts and practices constitute representations that the Products are of a particular quality, which they are not; and

   c.     in violation of California Civil Code §1770(a)(9) of the CLRA, Defendant's acts and practices constitute the advertisement of the goods in question without the intent to sell them as advertised.

67.     By committing the acts alleged above, Defendant has violated the CLRA.

68. Plaintiffs and Class members suffered injuries caused by Defendant's misrepresentations and/or omissions because they were induced to purchase the Products they would not have otherwise purchased if they had known that they contained heightened levels of 4-MEI.

69. In compliance with the provisions of California Civil Code §1782, Plaintiff Weinstock sent written notice to Defendant on January 29, 2014 informing Defendant of her intention to seek damages under California Civil Code §1750, *et seq*., unless Defendant offers appropriate consideration or other remedy to all affected consumers. Plaintiffs intend to amend this Complaint to seek damages pursuant to California Civil Code §1781(a) should Defendant fail to adequately and fully compensate Plaintiffs and the Class.

70. Plaintiffs and the Class members are entitled to, pursuant to California Civil Code §1780, an order enjoining the above-described wrongful acts and practices of Defendant, the payment of costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court under California Civil Code §1780.

## FIFTH CLAIM FOR RELIEF

### (Breach of Implied Warranty)

71. Plaintiffs reallege each and every allegation contained above as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

72. The Uniform Commercial Code §2-314 provides that unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

73. Defendant manufactured, marketed, and sold the Products and represented that the Products were fit for consumption by consumers. Contrary to such representations, Defendant failed to disclose that the Products were not fit for consumption as they contain an elevated level of 4-MEI, a chemical known to the State of California to cause cancer.

74. At all times, California and the following 48 states listed below, including the District of Columbia, have codified and adopted the provisions of the Uniform Commercial Code

governing the implied warranty of merchantability: Ala. Code §7-2-314; Alaska Stat. §45.02.314; Ariz. Rev. Stat. Ann. §47-2314; Ark. Code Ann. §4-2-314; Cal. Com. Code §2314; Colo. Rev. St. §4-2-314; Conn. Gen. Stat. Ann. §42a-2-314; 6 Del. C. §2-314; D.C. Code §28:2-314; Fla. Stat. Ann. §672.314; Ga. Code Ann. §11-2-314; Haw. Rev. Stat. §490:2-314; Idaho Code §28-2-314; 810 Ill. Comp. Stat. Ann. 5/2-314; Ind. Code Ann. §26-1-2-314; Iowa Code Ann. §554.2314; Kan. Stat. Ann. §84-2-314; Ky. Rev. Stat. Ann. §355.2-314; La. Civ. Code Ann. art. §2520; 11 Me. Rev. Stat. Ann. §2-314; Md. Code Ann. §2-314; Mass. Gen. Laws Ch. 106 §2-314; Mich. Comp. Laws Ann. §440.2314; Minn. Stat. Ann. §336.2-314; Miss. Code Ann. §75-2-314; Mo. Rev. Stat. §400.2-314; Mont. Code Ann. §30-2-314; Nev. Rev. Stat. U.C.C §104.2314; N.H. Rev. Ann. §382-A:2-314; N.J. Stat. Ann. §12A:2-314; N.M. Stat. Ann. §55-2-314; N.Y. U.C.C. Law §2-314; N.C. Gen. Stat. Ann. § 25-2-314; N.D. Stat § 41-02-314; Ohio Rev. Code Ann. §1302.27; Okla. Stat. tit. 12A §2-314; Or. Rev. Stat. §72.3140; 13 Pa. Stat. Ann. §2314; R.I. Gen. Laws §6A-2-314; S.C. Code Ann. §36-2-314; S.D. Stat. §57A-2-314; Tenn. Code Ann. §47-2-314; Tex. Bus. & Com. Code Ann. §2-314; Utah Code Ann. §70A-2-314; Va. Code §8.2-314; Vt. Stat. Ann. 9A §2-314; W. Va. Code §46-2-314; Wash. Rev. Code §62A 2-314; Wis. Stat. Ann. §402.314 and Wyo. Stat. §34.1-2-314.

75.    As a manufacturer and marketer of the Products, Defendant is a "merchant" within the meaning of the various states' commercial codes governing the implied warranty of merchantability.

76.    Further, Defendant designed, manufactured, distributed, marketed, and/or sold the Products.  The Products are "goods," as defined in the various states' commercial codes governing the implied warranty of merchantability.

77.    Defendant knew that Plaintiffs and other consumers relied upon it to manufacture and sell the Products as reasonably safe and would not endanger their health.

78.    At the time that Defendant manufactured, sold, and/or distributed the Products, Defendant knew the purpose for which the Products were intended and impliedly warranted that

1   the Products were of merchantable quality; were free of chemicals known to the State of

2   California to cause cancer; and were safe and fit for consumption.

3       79.     Defendant breached its implied warranties in connection with its sale of the

4   Products to Plaintiffs and members of the Class.  The Products were not safe and fit for

5   consumption, as they contained an improper amount of 4-MEI, a chemical known to the State of

6   California to cause cancer.

7       80.     Because Pepsi has publicly acknowledged the amount of 4-MEI in its Products

8   exceeds 29 micrograms per can, Defendant has actual knowledge that the Products exceeded the

9   amount of 4-MEI allowed under Proposition 65.   Therefore, the Products are not fit for

10  consumption and Plaintiffs were, therefore, not required to notify Defendant of its breach.  If

11  notice is required, Plaintiffs and the Class have adequately provided Defendant of such notice

12  through the filing of this lawsuit.

13                          **SIXTH CLAIM FOR RELIEF**

14                       **(Strict Liability- Failure to Warn)**

15      81.     Plaintiffs reallege each and every allegation contained above as if fully set forth

16  herein and, to the extent necessary, plead this cause of action in the alternative herein.

17      82.     Defendant manufactured, marketed, sold, and/or distributed the Products to

18  consumers.

19      83.     The Products that Defendant manufactured, marketed, sold, and/or distributed

20  were defective in design and manufacturing.  Further, the Products were defective when they left

21  the control of the Defendant such that: (1) the Products exceeded the amount of 4-MEI allowed

22  under Proposition 65; and (2) they were unreasonably dangerous, more dangerous than an

23  ordinary consumer would expect, as they contain a known carcinogenic.

24      84.     Defendant knew or should have known that the Products contained a non-obvious

25  danger in 4-MEI.  Defendant knew that Plaintiffs and the Class would consume the products

26  without first testing them for carcinogens.  However, Defendant failed to warn Plaintiffs and

27  members of the Class as to the adverse health effects that the Products could have on them.

28

85. The Products were expected to, and did reach, Plaintiffs and other members of the Class without substantial change in condition. The Products Defendant manufactured, marketed, sold, and/or distributed were defective due to their levels of 4-MEI and their inadequate warnings of the presence of a known carcinogen.

86. Had Plaintiffs and members of the Class been warned about the adverse health effects that the Products posed to them, or were warned that the Products contained 4-MEI, a known carcinogen, they would not have purchased the Products.

87. As a direct and proximate result of the defective condition of the Products as manufactured, marketed, sold, and/or distributed by Defendant, Plaintiffs and other members of the Class have been injured, including an increased risk of exposure to 4-MEI, a toxic chemical which is a known carcinogen and which violates Proposition 65.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief against Defendant as follows:

A. That the Court certify the Class under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiffs as Class Representative and their attorneys as Class Counsel to represent the members of the Class;

B. That the Court declare that Defendant's conduct violates the statutes referenced herein;

C. That the Court preliminarily and permanently enjoin Defendant from conducting business through the unlawful, unfair, or fraudulent business acts or practices, untrue, and misleading labeling and marketing and other violations of law described in this Complaint;

D. That the Court order Defendant to conduct a corrective advertising and information campaign advising consumers that the Products contain 4-MEI in excess of California's Proposition 65;

E. That the Court order Defendant to implement whatever measures are necessary to remedy the unlawful, unfair, or fraudulent business acts or practices, untrue and misleading advertising, and other violations of law described in this Complaint;

F. That the Court order Defendant to notify each and every individual and/or business who purchased the Products of the pendency of the claims in this action in order to give such individuals and businesses an opportunity to obtain restitution from Defendant;

G. That the Court order Defendant to pay restitution to restore to all affected persons from all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or a fraudulent business act or practice, untrue or misleading labeling, advertising, and marketing, plus pre- and post-judgment interest thereon;

H. That the Court order Defendant to disgorge all monies wrongfully obtained and all revenues and profits derived by Defendant as a result of its acts or practices as alleged in this Complaint;

I. That the Court award damages to Plaintiffs and the Class;

J. That the Court grant Plaintiffs reasonable attorneys' fees and costs of suit pursuant to California Code of Civil Procedure §1021.5, California Civil Code §1780(d), the common fund doctrine, and/or any other appropriate legal theory; and

K. That the Court grant such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all causes of action so triable.

DATED:  January 31, 2014   SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

        /s/ Christopher M. Burke
        Christopher M. Burke (214799)
        Hal D. Cunningham (243048)
        707 Broadway, Suite 1000
        San Diego, CA  92101
        Telephone: 619-233-4565
        Facsimile: 619-233-0508
        cburke@scott-scott.com
        hcunningham@scott-scott.com

        Joseph P. Guglielmo
        SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
        The Chrysler Building
        405 Lexington Avenue, 40th Floor
        New York, NY 10174
        Telephone: 212- 223-6444
        Facsimile: 212- 223-6334

jguglielmo@scott-scott.com

David R. Scott
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Telephone:  860-537-5537
Facsimile:   860-537-4432

William A. Baird, Esq.
MARLIN & SALTZMAN
29229 Canwood Street, Suite 208
Agoura Hills, CA  91301
Telephone: 818- 991-8080
Facsimile:  818- 991-8081
tbaird@marlinsaltzman.com

*Attorneys for Plaintiffs*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

STACY SCIORTINO and ARIELLE WEINSTOCK

**DEFENDANTS**

PEPSICO, INC.

(b) County of Residence of First Listed Plaintiff     San Francisco
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher M. Burke, Scott+Scott, Attorneys at Law, LLP, 707 Broadway, Suite 1000, San Diego, CA  92101
619-233-4565

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1  U.S. Government Plaintiff
- ❑ 2  U.S. Government Defendant
- ❑ 3  Federal Question *(U.S. Government Not a Party)*
- ✖ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✖ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ✖ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance<br>❑ 120 Marine<br>❑ 130 Miller Act<br>❑ 140 Negotiable Instrument<br>❑ 150 Recovery of Overpayment & Enforcement of Judgment<br>❑ 151 Medicare Act<br>❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❑ 153 Recovery of Overpayment of Veteran's Benefits<br>❑ 160 Stockholders' Suits<br>❑ 190 Other Contract<br>❑ 195 Contract Product Liability<br>❑ 196 Franchise | **PERSONAL INJURY**<br>❑ 310 Airplane<br>❑ 315 Airplane Product Liability<br>❑ 320 Assault, Libel & Slander<br>❑ 330 Federal Employers' Liability<br>❑ 340 Marine<br>❑ 345 Marine Product Liability<br>❑ 350 Motor Vehicle<br>❑ 355 Motor Vehicle Product Liability<br>✖ 360 Other Personal Injury<br>❑ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❑ 365 Personal Injury - Product Liability<br>❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❑ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❑ 370 Other Fraud<br>❑ 371 Truth in Lending<br>❑ 380 Other Personal Property Damage<br>❑ 385 Property Damage Product Liability | ❑ 625 Drug Related Seizure of Property 21 USC 881<br>❑ 690 Other | ❑ 422 Appeal 28 USC 158<br>❑ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>❑ 820 Copyrights<br>❑ 830 Patent<br>❑ 840 Trademark<br>**SOCIAL SECURITY**<br>❑ 861 HIA (1395ff)<br>❑ 862 Black Lung (923)<br>❑ 863 DIWC/DIWW (405(g))<br>❑ 864 SSID Title XVI<br>❑ 865 RSI (405(g)) | ❑ 375 False Claims Act<br>❑ 400 State Reapportionment<br>❑ 410 Antitrust<br>❑ 430 Banks and Banking<br>❑ 450 Commerce<br>❑ 460 Deportation<br>❑ 470 Racketeer Influenced and Corrupt Organizations<br>❑ 480 Consumer Credit<br>❑ 490 Cable/Sat TV<br>❑ 850 Securities/Commodities/ Exchange<br>❑ 890 Other Statutory Actions<br>❑ 891 Agricultural Acts<br>❑ 893 Environmental Matters<br>❑ 895 Freedom of Information Act<br>❑ 896 Arbitration |
| **REAL PROPERTY**<br>❑ 210 Land Condemnation<br>❑ 220 Foreclosure<br>❑ 230 Rent Lease & Ejectment<br>❑ 240 Torts to Land<br>❑ 245 Tort Product Liability<br>❑ 290 All Other Real Property | **CIVIL RIGHTS**<br>❑ 440 Other Civil Rights<br>❑ 441 Voting<br>❑ 442 Employment<br>❑ 443 Housing/ Accommodations<br>❑ 445 Amer. w/Disabilities - Employment<br>❑ 446 Amer. w/Disabilities - Other<br>❑ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❑ 463 Alien Detainee<br>❑ 510 Motions to Vacate Sentence<br>❑ 530 General<br>❑ 535 Death Penalty<br>**Other:**<br>❑ 540 Mandamus & Other<br>❑ 550 Civil Rights<br>❑ 555 Prison Condition<br>❑ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>❑ 710 Fair Labor Standards Act<br>❑ 720 Labor/Management Relations<br>❑ 740 Railway Labor Act<br>❑ 751 Family and Medical Leave Act<br>❑ 790 Other Labor Litigation<br>❑ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>❑ 462 Naturalization Application<br>❑ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>❑ 870 Taxes (U.S. Plaintiff or Defendant)<br>❑ 871 IRS—Third Party 26 USC 7609 | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❑ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ✖ 1 Original Proceeding
- ❑ 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4 Reinstated or Reopened
- ❑ 5 Transferred from Another District *(specify)*
- ❑ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Unlawful, unfair and deceptive marketing of Pepsi Cola products.

## VII. REQUESTED IN COMPLAINT:

- ☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
01/31/2014

SIGNATURE OF ATTORNEY OF RECORD
/s/ Christopher M. Burke

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)

(Place an "X" in One Box Only)     ❑ SAN FRANCISCO/OAKLAND     ❑ SAN JOSE     ❑ EUREKA

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.