UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STACY SCIORTINO, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>PEPSICO, INC.,<br>            Defendant. | Case No. 14-CV-478-EMC, *consolidated for pretrial purposes with* Case Nos. 14-713, 14-1099, 14-1105, 14-1192, 14-1193, 14-1316, 14-2023<br><br>**DECLARATION OF THE HONORABLE RONALD M. SABRAW (RET.)** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF THE HON. RONALD M. SABRAW
Case No. 14-CV-00478

**DECLARATION OF RONALD M. SABRAW**

I, Ronald M. Sabraw, declare as follows:

1. I am a former Judge of the Superior Court of the State of California, County of Alameda, and I currently serve as a neutral mediator/arbitrator with JAMS. I was appointed to the bench in 1989 and I retired in 2007. As a Superior Court Judge, I presided over many complex litigation matters, including numerous class actions involving many different industries and subject matters. In my over twenty years on the bench, I conducted hundreds of mandatory settlement conferences in all categories of civil litigation. With JAMS, I have mediated and arbitrated dozens of class action cases, many of which were complex consumer class actions that, when settlement was reached, required me to approve the terms of the agreement. I base this Declaration on my personal knowledge, and if called as a witness, I could and would testify competently with respect to the matters set forth below.

2. I served as the mediator for the settlement discussions in the consolidated consumer class action captioned *Sciortino v. PepsiCo, Inc.*, No. 14-478-EMC (N.D. Cal. Aug. 25, 2014). The operative complaint alleged that certain PepsiCo beverages contained 4-MEI at levels that violated California's Safe Drinking Water and Toxic Enforcement Act of 1986, Health and Safety Code section 25249.6 *et seq.* ("Proposition 65") and that PepsiCo should have warned consumers about the presence of 4-MEI in its products.

3. All parties to this action have requested that I communicate to this Court my observations regarding the settlement, and they have waived mediation confidentiality for the sole and limited purpose of allowing me to submit this Declaration, and only as to the information contained in this Declaration.

4. The settlement discussions between the parties included one full-day in-person mediation session on November 3, 2015, and several follow-up discussions that occurred over the next several months. These negotiations were long and arduous, but they ultimately led to the parties reaching the settlement currently being considered by the Court for final approval.

5. During the mediation session and follow-up discussions, both parties presented detailed arguments covering the merits of the case, their potential defenses, the likelihood of class

1

certification, and the risks each side faced if it decided to move forward with the litigation. These discussions included extensive analysis and dialogue regarding the factual and legal positions of both parties.

6. It was apparent to me during the negotiations that while all parties strongly believed in their respective claims and defenses, they fully understood and appreciated the risks and costs of continued litigation. All counsel vigorously asserted their positions and negotiated in good-faith and at arm's-length to reach an appropriate compromise for the class. During neither the mediation sessions nor the follow-up discussions did the parties attempt to resolve the issue of attorneys' fees or costs before reaching an agreement on the terms of the injunctive relief for the proposed settlement class. Counsel on both sides insisted that the settlement terms for the benefit of the class be fully and finally resolved before any discussions on the compensation of counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in San Francisco, California, on this 14th day of April, 2016.

_____
JUDGE RONALD M. SABRAW (Ret.)

102094996.2

DECLARATION OF THE HON. RONALD M. SABRAW
Case No. 14-CV-00478

2