# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STACY SCIORTINO, *et al.*, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>PEPSICO, INC., a North Carolina Corporation,<br><br>　　　　　　Defendant. | CASE NO. C 14-0478-EMC<br><br>*Consolidated with* Nos. 14-0713, 14-1099, 14-1105, 14-1192, 14-1193, 14-1316, 14-2020, 14-2023<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

1  WHEREAS, the above-entitled action is pending before this Court (the "Litigation");

2  WHEREAS, the Plaintiffs having moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the Settlement of this Litigation, in accordance with the Class Action Settlement Agreement ("Settlement Agreement") attached as Exhibit 1 to the Declaration of Daniel L. Warshaw in Support of Plaintiff's Motion for Preliminary Approval of Class Settlement filed on April 21, 2016, which sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and having heard any argument of counsel; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY FOUND AND ORDERED:

1. This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all members of the Settlement Class.

2. The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

3. The Court finds on a preliminary basis that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness and therefore meets the requirements for preliminary approval.

4. The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Litigation, including no effect upon the Litigation should the Settlement Agreement not receive final approval or should the Effective Date not occur), a class defined as all individuals in the United States and all U.S. territories (including, but not limited to, the Commonwealth of Puerto Rico, the U.S. Virgin Islands, Guam, American Samoa, the Northern Mariana Islands, and the other territories and possessions of the United States), who purchased one or more of the Products from January 23, 2010 through [the date of preliminary approval].

5. The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(2) is appropriate in the settlement context because (1): the Defendant is alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, so that the described injunctive and non-monetary relief is appropriate with respect to the Settlement Class as a whole; and (2): (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Named Plaintiffs and proposed Class Representatives are typical of the claims of the Class; (d) the Named Plaintiffs and proposed Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. The Court finds that, subject to the Final Approval hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class. The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive arms'-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance and supervision of the Hon. Ronald M. Sabraw (Ret.); (b) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (c) is not a finding or admission of liability by Defendant.

7. In a class action settled pursuant to Rule 23(b)(2) providing only injunctive relief, notice is not required. Fed. R. Civ. P. 23(c)(2)(A) (stating that under Rule 23(b)(2) the court "*may* direct appropriate notice to the class") (emphasis added). This is especially true where the settlement expressly preserves the individual rights of class members to pursue monetary claims against the defendant. *Lilly v. Jamba Juice Co.*, No. 13-cv-02998-JST, 2015 WL 1248027, at *8-9 (N.D. Cal. Mar. 18, 2015); *Kim v. Space Pencil, Inc.*, No. 11-cv-03796-LB, 2012 WL 5948951, at *4 (N.D. Cal. Nov. 28, 2012). In this case, the costs of attempting to identify the class members to

provide notice of certification is prohibitive to settlement.  The Settlement Agreement only releases claims for injunctive relief and does not release the monetary or damages claims of the Class.  Settlement Agreement, ¶ 8.3.1.  The Court finds that notice is not necessary because the settlement does not alter the unnamed class members' legal rights to pursue monetary relief.  *See Lilly,* 2015 WL 1248027, at *8-9; *see also Kim*, 2012 WL 5948951, at *4, 17.

8. The Court appoints Plaintiff Mary Hall as the Class Representative, and the law firms of Pearson, Simon & Warshaw, LLP and Glancy Prongay & Murray LLP as Class Counsel.

9. A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2016, at ____ _.m., at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 5 – 17th Floor, San Francisco, California 94102, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; whether a Judgment as provided in the Settlement Agreement should be entered; and to determine any amount of fees, costs, and expenses that should be awarded to Class Counsel and any award to the Plaintiff for her representation of, or service on behalf of, the Settlement Class.

10. Class Counsel's application for attorneys' fees, costs and expenses shall be filed and served no later than thirty-five (35) days before the Final Approval Hearing.  Any opposition shall be filed no later than fourteen (14) days before the Final Approval Hearing.  Any reply shall be filed no later than seven (7) days before the Final Approval Hearing.  The application for attorneys' fees, costs and expenses and for incentive award to the Plaintiffs submitted by Class Counsel will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

11. The motion in support of final approval of the settlement shall be filed and served no later than thirty five (35) calendar days prior to the Final Approval Hearing and any reply papers shall be filed and served no later than fourteen (14) calendar days prior to the Final Approval Hearing.

12. At or after the Final Approval Hearing, the Court shall determine whether any

application for attorneys' fees, costs and expenses, and any award to the Plaintiff for her representation of, and service to, the Class, should be approved.

13. Neither this order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendant.  This order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation.  In no event shall this order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Litigation, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the settling Parties and only the settling Parties in a proceeding to enforce the Settlement Agreement.

14. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Settlement Class.

15. All discovery and proceedings in this Litigation are stayed until further order of this Court, except as may be necessary to implement the settlement or comply with the terms of the Settlement Agreement.

16. By entering this order, the Court does not make any determination as to the merits of this case.

17. The Court retains jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement Agreement and the settlement described therein.

1         IT IS SO ORDERED.

2

3

4 DATED: _____        _____
                                              HONORABLE EDWARD M. CHEN

5                                               UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28